FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 24 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>HECTOR RODOLFO GENEBROSO PALHUA,<br><br>Defendant. | 15-CR-536<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

**Appearances**

**For United States:**     Ian C. Richardson
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
Tel: 718-254-6299
Email: ian.richardson@usdoj.gov

**For Defendant:**     James Darrow
Federal Defenders of New York
One Pierrepont Plaza
16th floor
Brooklyn, NY 11201
Tel: 718-407-7419
Fax: 718-855-0760
Email: james_darrow@fd.org

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I. Introduction ...........................................................................................................................1
   A. Instant Offense: Illegal Reentry............................................................................2
   B. Arrest ....................................................................................................................2
   C. Guilty Plea............................................................................................................2
   D. Sentencing ...........................................................................................................3
II. Offense Level, Category, and Sentencing Guidelines Range.............................................3
III. Law.......................................................................................................................................4
IV. 18 U.S.C. § 3553(a) Considerations ...................................................................................5
V. Consistency in Sentencing....................................................................................................5
VI. Sentence................................................................................................................................6
VII. Conclusion............................................................................................................................6

## I. Introduction

Defendant Hector Genebroso Palhua is a Peruvian citizen who has repeatedly come to the United States illegally in order to support his children who are living in New York legally. He pled guilty to the offense of illegal reentry after having previously been deported from the United States following his conviction for the commission of a felony, in violation of 8 U.S.C. § 1326(a) and (b)(1). Presentence Investigation Report, Feb. 26, 2016 ("PSR"); Hr'g Tr., Nov. 23, 2015, at 18:19-22.

On March 15, 2016, Mr. Palhua was sentenced to time served, three years of supervised release, and a $100 special assessment. *See* Sentencing Hearing Transcript, March 15, 2016 ("Sent. Hr'g"). The defendant's repeated illegal returns to the United States would normally result in a period of incarceration. However, because of the unique circumstances of the case, a

1

sentence of time served is appropriate. Specifically, arrangements have been made for the defendant's children to return to Peru and for the defendant to have a job in Peru, eliminating the motivation for defendant to ever return. An additional period of incarceration would burden the taxpayers with an unnecessary cost, while depriving the defendant's family of the benefit of his paycheck.

### A. Instant Offense: Illegal Reentry

On August 9, 2015 the defendant was arrested by the New York City Police Department and charged with assault in the third degree. PSR ¶ 3. Immigration and Customs Enforcement ("ICE") was notified and, after running the defendant's fingerprints through its database, determined that he had previously been removed from the United States on three separate occasions. *Id.* at ¶ 4. ICE also determined that there has been no request by defendant for permission to re-enter the United States. *Id.* at ¶ 7.

### B. Arrest

Mr. Palhua was taken into federal custody on October 7, 2015. He has remained in custody since that time.

### C. Guilty Plea

On November 23, 2015, Mr. Palhua pled guilty to count one of a single-count Indictment. *See* Hr'g Tr., Nov. 23, 2015, at 18:19-22. Count one charges that the defendant, an alien who had previously been deported from the United States following a conviction for a felony, was found in the United States without the express consent of the United States Department of Homeland Security. *Id.* at 8:18-24. The applicable statute does not provide for a mandatory minimum term of imprisonment. The maximum term of imprisonment is ten years. *See* 8 U.S.C. §§ 1326(a) and (b)(1).

### D. Sentencing

A sentencing hearing was conducted on March 15, 2016. The proceedings were videotaped to develop an accurate record of courtroom atmosphere, as well as the factors and considerations that a court evaluates in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level, Category, and Sentencing Guidelines Range

The base offense level is 8. *See* PSR at ¶ 11. The offense level was increased by 8 points because the defendant had previously been deported after a conviction for an aggravated felony. *Id.* at ¶ 12. The offense level was decreased by two points pursuant to U.S.S.G. § 3E.1.1(a) for defendant's acceptance of responsibility, and another one point because the defendant timely notified the government of his intention to enter a plea of guilty. *Id.* at ¶¶ 18-19. The total adjusted offense level is 13. The parties do not object to the above Guidelines calculation. *See* Sent. Hr'g.

Defendant's criminal history category is III. *See* Sent. Hr'g Ct. Ex. 1 (Mar. 14, 2016 Letter). The Guidelines' range is 18 to 24 months imprisonment. *See id.* The defendant stipulated that this is the proper Guidelines range. *See* Sent. Hr'g. In light of the defendant's stipulation, the court made no findings with respect to whether the defendant's conviction for conspiracy to commit retail theft under Pennsylvania law constitutes an aggravated felony for present sentencing purposes. *See* Sent. Hr'g.

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en*

3

*banc*) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

**III.     Law**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), abrogated in part on other grounds by *Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (*en banc*) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National

4

Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

IV.  **18 U.S.C. § 3553(a) Considerations**

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). For the reasons stated on the record, a custodial sentence is inappropriate. *See* Sent. Hr'g.

The defendant indicated that he has repeatedly returned to the United States because his three children are living in New York legally. However, the federal defender has represented that through his efforts arrangements have been made for the defendant's three children to return to Peru as soon as their father is deported. *See id.* A job in Peru has also been arranged for the defendant. *See id.* Because he will no longer have any reason to illegally return to the United States, the interests of justice are best served by having the defendant deported back to Peru immediately. Doing so will enable his family to be reunited in their home country and minimize the cost to the United States. Imposing a custodial sentence would require the United States to pay for his incarceration while also depriving his three children of the support the defendant's paycheck would provide.

V.  **Consistency in Sentencing**

This court has been attempting to rationalize its sentences by establishing general criteria for 'similar' cases. With respect to cases in which the defendant is a noncitizen facing deportation following incarceration, this court has determined that, "[c]onsidering the grave hardships deportation entails, the nation's present deportation policy, and the core purposes of criminal sentencing, *see* 18 U.S.C. § 3553, imposition of minimal prison time with prompt deportation should be normal in such cases—subject to variations for individual circumstances."

5

*United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *1 (E.D.N.Y. Sept. 24, 2014); *see also United States v. Sarpong*, 14–CR–242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21, 2014) (accounting for prospect of deportation when imposing a term of incarceration); *United States v. Palaguachy*, 14–CR–0184, 2014 WL 6606668, at *2 (E.D.N.Y. Nov. 19, 2014) (same); *United States v. Florez Parra*, 14–CR–332, 2015 WL 105885, at *2 (E.D.N.Y. Jan. 7, 2015) (same).

## VI.     Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature of the offense and the characteristics of the defendant, Mr. Palhua is sentenced to time served and supervised release for a term of three years. Sent. Hr'g. A $100 special assessment is imposed. 18 U.S.C. § 3013. No fine is levied because Mr. Palhua has no substantial assets and is unlikely to be able to pay a fine. PSR at ¶¶ 65-66; Sent. Hr'g.

General and specific deterrence are achieved by the sentence imposed. Mr. Palhua pled guilty to a serious offense that he has repeatedly committed. It is very significant that through the hard work of the federal defender, arrangements have been made for Mr. Palhua's children to return to Peru and for Mr. Palhua to have a job there. Having removed all motivation for Mr. Palhua to stay or return to the United States again, the most appropriate action to take is to sentence him to time served so that he can be deported immediately.

## VII.    Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: March 21, 2016
      Brooklyn, New York